IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristopher W. Berry, | ) |
| Plaintiff, | ) Civil Action No. 4:13-648-RMG |
| v. | ) **ORDER** |
| Kendall Renee Burch, Esquire, in her individual and official capacity, | ) |
| Defendant. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (Dkt. No. 11). For the reasons set forth below, the Court agrees with the R&R and summarily dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**Background**

Plaintiff Kristopher W. Berry, an inmate at Evans Correctional Institution in Bennettsville, South Carolina, brought this Section 1983 action *pro se* alleging that his constitutional rights were violated when Defendant Kendall Renee Burch,[1] an assistant solicitor for the Darlington County Solicitor's office, made false representations and suborned perjury. (Dkt. No. 1). Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 9). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the

---

[1] Defendant prosecuted Plaintiff in a criminal case for which he was convicted of criminal solicitation of a minor and for which he is currently serving a five-year sentence.

procedural provisions of 28 U.S.C. § 1915. On March 15, 2013, the Magistrate Judge issued an R&R recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 11). Plaintiff timely filed objections to the R&R. (Dkt. No. 14).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Discussion**

The Court agrees with the Magistrate Judge that Plaintiff's case should be summarily dismissed because Defendant enjoys prosecutorial immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding absolute immunity "is an immunity from suit rather than a mere defense to liability"). Further, the Court agrees that it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute." *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996). This immunity extends to assistant solicitors. *See e.g., Cribb v. Pelham*, 552 F. Supp. 1217, 1226 (D.S.C. 1982).

Plaintiff argues that the Magistrate Judge erred because Defendant "willfully gave false . . . information on a document, . . . induced another person to commit perjury, and committed perjury herself . . . prior to the commencement of trial and during the sentencing of plaintiff." (Dkt. No. 14 at 2). However, [a]bsolute immunity protects a prosecutor against claims that he elicited false testimony." *Daye v. Brannon*, 166 F.3d 332 (4th Cir. 1998) (table opinion) (citing *Burns v. Reed*, 500 U.S. 478, 489-90 (1991); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994)). Further, these actions were "intimately associated with the judicial . . . process" and are thus entitled to absolute immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Plaintiff next argues that Defendant's actions constituted actual fraud and were done with actual malice; therefore, Defendant is not immune from suit. (Dkt. No. 14 at 3). However, allegations of malicious motives on the part of a prosecutor are insufficient to overcome absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 427 ("To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.").

Accordingly, the Court finds that Plaintiff is not entitled to recover any damages from Defendant based on her performance of these functions. Defendant's activities were intimately associated with the judicial phase of the criminal process, and thus were functions to which absolute immunity applies with full force. *Van de Kamp*, 555 U.S. at 341.

Defendant, however, is not immune from suit as to requests for declaratory and injunctive relief. *Blakeney v. Marsico*, 340 Fed. App'x 778, 779 (3d Cir. 2009). Nevertheless, the Court finds that dismissal under 28 U.S.C. § 1915 is appropriate. "District courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. App'x 475, 477 (7th Cir. 2003). They are not "meant simply to proclaim that one party is liable to another." *Id.* at 478. Here, Plaintiff seeks a declaration that Defendant "intentionally committed felony offenses against the Plaintiff in the execution of her duties as Darlington County Solicitor." (Dkt. No. 1 at 9). The Court finds "Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that Defendant violated his rights in the past." *Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568, at *5 (D.S.C. Aug. 17, 2010) *report and recommendation adopted by* 2010 WL 3834470 (D.S.C. Sept. 27, 2010).

Finally, Plaintiff is not entitled to the injunctive relief he seeks. Plaintiff does not have standing to seek a prosecution of any person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973) (holding federal courts have uniformly refrained, at the request of a private person, from

overturning decisions of prosecuting authorities not to prosecute persons against whom a complaint of criminal conduct is made). Here, Plaintiff requests an injunction "ordering an investigation into the conduct of the defendant and that proper sanctions and charges be levied upon her," and "an investigation into the past similar actions of the Darlington County Solicitor's Office." (Dkt. No. 1 at 9). Accordingly, Plaintiff's claim for an injunction has no arguable basis in law and should be dismissed pursuant to 28 U.S.C. § 1915. *See Cleveland v. Barnett*, C/A No. 7:11-3073-TLW-BM, 2011 WL 7113306, at *2 (D.S.C. Dec. 2, 2011) *report and recommendation adopted by* 2012 WL 273695 (D.S.C. Jan. 30, 2012).

## Conclusion

For the reasons set forth above, the Court agrees with the recommendation of the Magistrate Judge (Dkt. No. 11) and DISMISSES, without prejudice and without issuance and service of process, Plaintiff's claims against Defendant.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 8, 2013
Charleston, South Carolina